UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-2568-CMA-BNB

THE WELLINGER FAMILY TRUST 1998;
JULIE WELLINGER, trustee, and individually,

      Plaintiffs,

v.

HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY, a Connecticut Insurance Company,

      Defendant.

---

## [PROPOSED] STIPULATED PROTECTIVE ORDER

---

The parties have agreed and moved the Court to enter this Protective Order under Fed. R. Civ. P. 26(c). During the course of disclosures, discovery, and trial preparation the parties may exchange or provide information that has included or will include documents, facts, and testimony containing information, which is ~~private, personal, or~~ confidential information, ~~including personal health and financial information, or which is personal or business information of the parties and others that may include confidential information, including employee data, personnel files, and proprietary business policies, practices and activities. The parties may exchange or provide proprietary or sensitive personal, business, commercial or other technical information, and the uncontrolled release or disclosure of such information would cause the producing party personal, proprietary or competitive harm.~~ In order to facilitate discovery, disclosures, and trial preparation while protecting producing parties' and responding third parties' interests, it is hereby ORDERED:

**I.**

A. The parties recognize that disclosures, discovery or trial preparation in this matter may call for the exchange, disclosure or production of materials containing confidential **information** ~~, private, or proprietary business, technical and other commercially sensitive information, including private information about third-parties, and that the producing party and responding third parties have protected interests in those confidential, private, or sensitive materials, or otherwise have an interest in preventing the uncontrolled disclosure or dissemination of information about third-parties~~. The Parties have entered into this Stipulation and request the Court to enter this Protective Order for the purpose of preventing the disclosure and use of Confidential Information except as set forth herein and prohibiting the Parties from using or disclosing the Confidential Information for any purpose other than this litigation.

B. If the producing party or responding third party has a good faith factual and legal basis for asserting a privilege or exemption from public disclosure, privacy or confidentiality, the producing party or responding third party may designate as "CONFIDENTIAL" the portion of any produced material it considers subject to its claim of privilege, exemption, privacy, or confidentiality in accordance with Section I.F, below, relying on the terms of this Protective Order ("Protective Order") in producing that information. Such "CONFIDENTIAL" designation shall make the designated portions of those produced materials and all copies, prints, summaries, translations, or other reproductions of such information subject to this Protective Order. This Protective Order also shall apply to the specific pages, lines, or portions from oral depositions and discovery responses designated as "CONFIDENTIAL" by the producing party in accordance with Section I.G, below.

C. ~~When used in this agreed Protective Order, the word "CONFIDENTIAL" means~~

~~designated research, development, and other technical or other commercially sensitive information of the producing party; personnel information, personal information about third parties; and private and personal health and financial information about Jeff Wellinger and his family.~~

D. ~~When used in this Protective Order, the term "CONFIDENTIAL MATERIAL" means all designated written materials, information, data, personnel files, computer documents, protected policies, commercial standards, claims histories, adjustment data, tax returns, financial forms containing private data, health records, disability data and information, benefit election and applications, e-mails, videotapes, recordings, responses to interrogatories, requests for production, requests for admission, or other written discovery referencing confidential material, deposition transcripts, and all other designated tangible items which disclose "CONFIDENTIAL" information, whether produced in hard-copy, on CD-ROMs or DVDs, or any other media. Nothing in this Protective Order, however, shall be interpreted to require the production of any trade secret information as defined in C.R.S. § 7-74-102(4) or otherwise.~~

E. The burden of proving the protected, private, or confidential nature of designated information is on the producing party or responding third party. Prior to designating any material as "CONFIDENTIAL" and subject to this Protective Order, the producing party or responding third party must make a bona fide determination that the material is, in fact, protected, private, or confidential ~~as defined above~~, the dissemination of which would significantly damage or risk the party's competitive position, impact the confidentiality or privacy rights of third-parties, or interfere with or invade the confidentiality and privacy rights of Plaintiffs and the Wellinger family.

F. In order to designate a portion of any document or other material as

"CONFIDENTIAL," the producing party or responding third party shall mark or label the designated information with the word "CONFIDENTIAL" in a manner that does not obscure, or impair the legibility of any information contained within the material, but makes it difficult to remove the designation. In order to designate a computer database, disc, compact disc, drive, stored data, or other electronically recorded information as "CONFIDENTIAL," the producing party or responding third party shall mark the disc, case, envelope or related media cover containing or identifying the information with the word "CONFIDENTIAL." Documents printed from such stored electronic media shall be marked the same as documents originally produced on paper.

G. In the case of a deposition or oral examination, counsel for the producing party may, during the deposition, designate on the record that testimony involving "CONFIDENTIAL MATERIAL" be held as "CONFIDENTIAL," and the entire deposition transcript will be treated as "CONFIDENTIAL" until counsel for the producing party receives a transcript of the deposition and designates specific pages, lines or other segments or portions of the testimony. In the event the producing party's counsel during such a deposition does not designate on the record that testimony involving "CONFIDENTIAL MATERIAL" be held as "CONFIDENTIAL," the producing party does not waive its right to designate the deposition testimony or any parts thereof as "CONFIDENTIAL" upon receipt of the deposition transcript. After receipt of the final deposition transcript, the producing party shall identify by page, line, or other segment the portion of the material that the producing party intends to designate as "CONFIDENTIAL" in a written letter served upon all counsel of record within 30 days after the producing party's receipt of the written deposition transcript from the court reporter. Only the portions of the deposition transcript designated by the producing party during that time period

shall remain "CONFIDENTIAL." Any party challenging the "CONFIDENTIAL" designations of the deposition transcripts shall inform the producing party of those specific challenges in writing within 20 day of receiving the designations. The producing party shall have 20 days from receipt of the written challenges to move for an appropriate order regarding the confidentiality of all or portions of the transcript. The parties stipulate that the court reporter or videographer for any such depositions, who will be given a copy of this Protective Order and will be requested and required to execute an acknowledgement thereof, shall not disclose to anyone (other than the COVERED PERSONS as defined in Section I. H below) any deposition testimony or exhibits so designated as CONFIDENTIAL.

  H.  When used in this Protective Order, the term "COVERED PERSONS" includes only the following: (1) the Court and all Court personnel; (2) the named parties in this litigation; (3) retained counsel for all parties in this litigation, including members of counsel's legal or support staff (e.g., investigators, secretaries, legal assistants, paralegals and law clerks), to the extent reasonably necessary for such persons to render assistance in this litigation; (4) non-attorney experts retained or consulted by counsel for any party to assist in the preparation, prosecution, or evaluation of this litigation, provided that no disclosure shall be made to any expert or consultant who is employed by a competitor of a party; and (5) witnesses and the jury in this case.

## II.

This Protective Order is to facilitate the disclosure, discovery, and exchange of records and information. It governs information from third parties and disclosures to third persons or disclosure for discovery motions, discovery proceedings, and trial preparation. Nothing in this Protective Order shall be deemed to preclude any party's right to oppose discovery on grounds

not addressed under the terms of this Protective Order, or to object on any ground to the admission of any CONFIDENTIAL MATERIAL into evidence at trial. The Parties agree that this agreement does not constitute a global waiver by any party as to whether any Confidential or Privileged Information is discoverable, but rather, is a mechanism by which Confidential Information that is disclosed is prevented from being used for any purpose outside this litigation by any Party. This Protective Order shall apply to all documents, files or portions of files, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties under the Federal Rules of Civil Procedure and designated as "Confidential" pursuant to the terms of this Protective Order.

## III.

Absent a further order of the Court, the information marked as "CONFIDENTIAL MATERIAL," as described in Sections I.F and I.G, shall not be used for any purpose other than the prosecution or defense of this captioned action, and shall not be shown, disseminated or disclosed in any manner to anyone other than COVERED PERSONS as defined in Section I, H, without the prior written agreement of the producing party, a responding third party, or by order of the Court after due notice to the involved parties.

## IV.

Before showing or divulging any "CONFIDENTIAL MATERIAL" or "CONFIDENTIAL" information to any COVERED PERSON other than the Court and Court personnel, counsel shall first obtain from each such person a signed "WRITTEN ASSURANCE" in the form attached hereto as Exhibit "A." Counsel shall maintain a list of all such recipients of "CONFIDENTIAL MATERIAL" to whom this paragraph applies and the original of every

"WRITTEN ASSURANCE" required pursuant to this paragraph. At the conclusion of the litigation, the parties shall forward to counsel for the producing party each and every signed "WRITTEN ASSURANCE" and a list of all recipients of "CONFIDENTIAL MATERIALS"; however, with regard to consultant(s) not identified as expert(s) in this matter, counsel need only provide a copy of the "WRITTEN ASSURANCE" redacted to remove any reference to the identity of the consultant(s).

V.

A.  **Any request to restrict access must comply with the requirements of D.C.COLO.LCivR 7.2.** ~~If any "CONFIDENTIAL MATERIAL" is filed with this Court, including any pleading incorporating "CONFIDENTIAL MATERIAL," the portion of such filing containing "CONFIDENTIAL MATERIAL" shall be filed under seal and the procedures under the local rules of the Court (currently District Court, Colorado, L. Civ. R. 7.2), including, as applicable to hard copies, filing in a sealed envelope on which the following legend shall prominently appear:~~

> ~~The Wellinger Family Trust 1998; Julie Wellinger, trustee, and individually, v. Hartford Life and Accident Insurance Company~~
> ~~U.S. District Court for the District of Colorado~~
> ~~Civil Action No. 11-CV-2568-CMA-BNB~~
>
> ~~**CONFIDENTIAL - This envelope contains documents or other material filed by the parties in this matter. It shall not be opened nor the contents thereof displayed or revealed except by Order of this Court.**~~

B.  ~~"CONFIDENTIAL MATERIAL" may be introduced into evidence, if otherwise admissible, provided that it may only be done so during a hearing or trial when counsel for the producing party is present, and subject to the producing party's right to seek in-camera treatment~~

~~of such information. Further, the Court may take such steps as it deems reasonably necessary to preserve the confidentiality of the information.~~

~~C.     All writings submitted to or filed with the Court in connection with any pre-trial proceeding that contain, set forth, summarize or otherwise disclose "CONFIDENTIAL MATERIAL" shall be under seal in accordance with Section V. A, and such documents shall not be publicly available, except by further order of this Court.~~

D.     If any party or person who has obtained "CONFIDENTIAL MATERIAL" under the terms of this Protective Order receives a subpoena or other legal process commanding the production of any such "CONFIDENTIAL MATERIAL" (the "Subpoena"), such party or person shall promptly notify counsel for the producing party of the service of the Subpoena. The party or person receiving the Subpoena shall not produce any "CONFIDENTIAL MATERIAL" in response to the Subpoena without either the prior written consent of counsel for the producing party or an order of a court of competent jurisdiction.

E.     Previously disclosed information may be made subject to a designation as "CONFIDENTIAL" under this Protective Order.

**VI.**

Certain parties anticipate producing large volumes of materials in preparation, disclosures, and discovery in this matter, including collections of materials in the form of paper or electronic documents, increasing the likelihood that information that should be protected from disclosure or discovery as described above, but not marked as "CONFIDENTIAL," may be produced inadvertently. Therefore, the following provisions shall apply to the disclosure or production of such information:

A.     Inadvertent production of information subject to privacy, confidentiality, the

work-product doctrine, the attorney-client privilege, the trade secret and proprietary business information privilege, or other exemption, legal privilege, rule or doctrine protecting information from disclosure, shall not constitute a waiver of the privacy, confidentiality, protection, exemption, immunity or privilege, either for the inadvertently produced information or its subject matter (so-called "subject matter waiver"), provided that the producing party shall notify the receiving party in writing of such inadvertent production promptly upon becoming aware of it.

B. If reasonably prompt notification is made, such inadvertently produced information and all copies thereof, as well as all notes or other work product reflecting any of the contents of such information, shall be returned to the producing party or destroyed, and such returned information shall be deleted from any litigation-support file, storage media, or database. No use shall be made of such inadvertently produced information during discovery or at trial nor shall it be disclosed to anyone who was not given access to it before the request to return and destroy it.

C. If any party contends that notification of inadvertent production was not "reasonably prompt," that party shall notify the producing party in writing, and will make no further use of such information pending a resolution of its status by the Court. It shall be the burden of the producing party to move for a protective order regarding the inadvertent production, and to demonstrate both that the production was inadvertent, that reasonable diligence was exercised to identify the inadvertently produced information, and that notification was made with reasonable promptness after discovering the inadvertent production.

D. The party returning or destroying such documents may move the Court for an order compelling production of the information, but such motion shall not assert the fact or

circumstances of the inadvertent production as a ground for entering such an order.

   E.  Inadvertent failure to designate produced information as CONFIDENTIAL pursuant to the terms of Section I above shall not constitute a waiver of the right to designate such information as "CONFIDENTIAL" provided that the producing party shall notify the receiving party of such inadvertent failure to designate promptly upon becoming aware of it.

   F.  If reasonable notification is made of such failure to designate, such inadvertently non-designated information and all copies thereof, shall be returned to the producing party or destroyed and such information shall be deleted from any litigation-support file, storage media, or database, and other record of the receiving party. No use shall be made of such non-designated information during discovery or at trial without the appropriate "CONFIDENTIAL" markings, nor shall it be disclosed to anyone who was not given access to it before the request to return or destroy.

   ~~G.  Any inadvertently produced information provided to the Court pursuant to this Section VI shall not be considered a "court record" as defined in Colorado Chief Justice Directive 05-01 § 3.10(a) and (b).~~

## VII.

A.     Within 90 days after the final disposition of this lawsuit, by settlement, trial or appeal, counsel for the parties shall deliver to counsel for the producing party all CONFIDENTIAL MATERIAL including any copies (except those determined by the Court or agreed by the parties not to be CONFIDENTIAL) which have been disseminated to any COVERED PERSONS. Deposition transcripts need not be returned if all CONFIDENTIAL portions have been destroyed, obliterated, or deleted. Counsel may retain a single set of CONFIDENTIAL information for a period of no more than three years from the conclusion of the litigation at which time the Confidential records shall either be returned or destroyed.

B.     It is the responsibility of any party receiving "Confidential Material" to obtain all copies of that material provided by that party to "Covered Persons," as defined in Paragraph I. H above, and to return that "Confidential Material" to the producing party.

## VIII.

**A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within 14 business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its**

**designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order.  In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.**

~~In the event any party, in good faith, disputes the designation of any information as "CONFIDENTIAL," that party shall notify the producing party in writing. The producing party may seasonably apply to the Court for a determination that the information is or is not protected pursuant to this Protective Order. Until a final determination by the Court, any disputed information will be treated as CONFIDENTIAL MATERIAL pursuant to this Protective Order. In an effort to settle such dispute without judicial intervention, the parties shall meet and confer to determine whether the restrictions imposed by this Order are warranted with respect to such disputed information. If resolution of the dispute cannot be reached, the recipient may apply to the Court for an appropriate determination. In connection with such an application, the producing party shall bear the burden to show that the information is entitled to continued protection under applicable law. Nothing in this Protective Order shall be construed to alter or shift the burdens of production and persuasion ("the burden of proof") as they apply to the assertion of privileges or exemptions from public disclosure or any claim or affirmative defense in this matter.~~

**IX.**

A. This Protective Order shall not preclude the parties from exercising any rights or raising any objections otherwise available to them under the rules of discovery and evidence. Nothing contained in this Protective Order shall in any manner change, alter or modify any of

the rights of the producing party or any other party under any other orders issued by any other courts concerning the protection of CONFIDENTIAL MATERIALS and CONFIDENTIAL information. Nothing in this Protective Order shall limit the rights of parties to apply for further protective orders or for modification of the terms of this Protective Order.

B. This Protective Order may **be modified only by order of the court** ~~not be waived, modified, abandoned, or terminated, in whole or in part, except by an instrument in writing signed by the parties, or by Order of the issuing Court. If any provision of this Protective Order shall be held invalid for any reason whatsoever, the remaining provisions shall not be affected thereby.~~

~~C. This Protective Order shall be binding upon the parties hereto, their attorneys, and upon the parties' and their attorneys' successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.~~

X.

At the conclusion of this lawsuit, the Court shall retain jurisdiction of this lawsuit for the enforcement of this Protective Order.

Dated December 11, 2012.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

AGREED:

s/Cristin J. Mack                                                    s/Thomas A. Swett

Kevin E. O'Brien, Esq.                                       Thomas A. Swett, Esq.
Cristin J. Mack, Esq.                                            Charles L. Sisk, Esq.
Hall & Evans, L.L.C.                                           Hurth, Sisk & Blakemore, L.L.P.
1125 Seventeenth Street, #600                          4860 Riverbend Road/P. O. Box 17850
Denver, Colorado 80202-2052                          Boulder, Coloado 80308-0850
T: 303-628-3300                                                 tswett@hurth.com
F: 303-293-3231
obrienk@hallevans.com                                    and
mackc@hallevans.com
Counsel for Defendant

                                                                         s/Dennis P. Walker

                                                                         Dennis P. Walker,
                                                                         Irwin & Boesen, P.C.
                                                                         4100 E. Mississippi Ave., Suite 1900
                                                                         Denver, CO 80246
                                                                         dwalker@coloradolawyers.com
                                                                         Counsel for Plaintiffs

# EXHIBIT "A"
# LIMITED SPECIAL APPEARANCE AND AGREEMENT FOR ACCESS TO CONFIDENTIAL MATERIAL
# [WRITTEN ASSURANCE]

I hereby acknowledge and affirm that I have read the terms and conditions of the Protective Order dated _____ and agreed to by the parties ("Protective Order") in the action titled The Wellinger Family Trust 1998; Julie Wellinger, trustee and individually v. Hartford Life and Accident Insurance Company; U.S. District Court for the District of Colorado; Civil Action No. 11-CV-2568-CMA-BNB.

I understand the terms of the Protective Order and under consent to be bound by such terms as a condition to being provided access to the CONFIDENTIAL MATERIALS furnished by the parties in this action. Further, by executing this Agreement, I hereby consent to the jurisdiction of the above-stated Court or any Court of competent jurisdiction for the special and limited purpose of enforcing the terms of the Protective Order.

I recognize that all civil remedies for breach of this Agreement are specifically reserved by the producing parties in this action and are not waived by the disclosure provided for herein. Further, in the event of the breach of this Agreement, I recognize that the producing parties may pursue all civil remedies available to them as third-party beneficiaries of this Agreement.

DATED:_____

_____
Name

_____
Firm

_____
Address