IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 11-cv-02568-CMA-BNB

THE WELLINGER FAMILY TRUST 1998;
JULIE WELLINGER, trustee, and
JULIE WELLINGER, individually,

Plaintiffs,

v.

HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY, a Connecticut insurance company,

Defendant.
_____

**ORDER**
_____

This matter arises on **Plaintiffs' Unopposed Supplemental Motion for *In Camera* Review of Two Privilege Log Items** [Doc. # 72, filed 3/28/2013] (the "Motion"), which is DENIED.

The plaintiffs in the Motion identify two documents contained on the defendant's privilege log which they contend are not subject to any applicable immunity from discovery. The plaintiffs' position with respect to the documents is set out in the Motion, but I do not have the benefit of the defendant's position. I note, however, that the privilege log alleges that the documents are protected from discovery on a number of bases including "Attorney-client privilege; Work Product, Fed. R. Civ. P. 26(b)(3); Proprietary and Confidential business materials in which Hartford has a competitive interest." At least the last basis ordinarily is insufficient to resist production altogether and, instead, may be addressed by a blanket protective order intended to preclude public dissemination of proprietary information. Such an order is in

place in this case.  Stipulated Protective Order [Doc. # 47].

The privilege log also resists production of the documents because "[t]his information was obtained in order to assist with research conducted by the legal department and opinions to be rendered to Hartford by its in-house legal department."  The explanation is unclear because it fails to allege either that the information was communicated between a lawyer and a client for the purpose of obtaining confidential legal advice, which ordinarily would be required to justify the assertion of the attorney-client privilege, or that it was obtained in anticipation of litigation, ordinarily required to establish protection under the work-product immunity.

I direct the parties to engage in a further conference on the issue.  In the event they cannot reach agreement, the plaintiffs may, if they deem it appropriate, file a motion to compel the production of the disputed documents with supporting authority, to which the defendant will be required to respond.  The parties should bear in mind the cost shifting provisions of Fed. R. Civ. P. 37(a)(5) in formulating their positions.

IT IS ORDERED that the Motion [Doc. # 72] is DENIED.

Dated April 2, 2013.

> BY THE COURT:
>
>  s/ Boyd N. Boland
> United States Magistrate Judge